IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-68-D
No. 5:16-CV-743-D

| | |
|---|---|
| DEBORAH MURRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 15, 2016, Deborah Murray ("Murray") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct her 60-month sentence [D.E. 44, 45]. On November 28, 2016, the government moved to dismiss Murray's motions [D.E. 49] and filed a supporting memorandum [D.E. 50]. As explained below, the court grants the government's motion to dismiss.

I.

On September 17, 2012, pursuant to a written plea agreement, Murray pleaded guilty to conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 [D.E. 27, 39]. On March 6, 2013, the court calculated Murray's applicable advisory guideline range to be 60 months, and sentenced Murray to 60 months' imprisonment. See [D.E. 40]. Murray did not appeal her conviction or sentence.

In Murray's section 2255 motions, she claims that she is entitled to a minor role adjustment under section 2255, Amendment 794, and U.S.S.G. § 3B1.2. See [D.E. 44, 45]. The government disagrees and has moved to dismiss Murray's motion for failure to state a claim upon which relief can be granted. See [D.E. 49, 50].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

2

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A criminal appeal must be filed within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal her judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

Murray's judgment of conviction was entered on March 12, 2013 [D.E. 39]. Therefore, under Clay, her judgment became final on March 26, 2013, and her period within which to file a section 2255 motion ended on March 26, 2014. See, e.g., Clay, 537 U.S. at 532. Murray, however, did not file her section 2255 motion until August 15, 2014 [D.E. 44]. Thus, Murray's section 2255 motion is untimely under section 2255(f). Furthermore, Murray has not alleged that any governmental action prevented her from filing a timely motion, that her motion is based on a right newly recognized by the Supreme Court, or that her motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Murray's section 2255 motion is untimely under section 2255(f).

Alternatively, Murray may not bring her claim under section 2255. A petitioner generally may not use section 2255 to challenge the calculation of her advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279,

3

283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

Alternatively, Murray's plea agreement contains an appellate waiver. See [D.E. 27] ¶ 2(c). In the waiver, Murray agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Murray's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Murray's claims fall within the appellate waiver. Accordingly, the waiver bars Murray's claim.

Alternatively, Murray's claim fails on the merits. Section 1B1.10(d) of the Sentencing Guidelines lists the amendments that receive retroactive applications. See U.S.S.G. § 1B1.10(d). That list "does not include Amendment 794." United States v. Welch, No. 16-7670, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished); see United States v. Brewton, No. 16-7709, 2017 WL 1242007, at *1 (4th Cir. Apr. 4, 2017) (per curiam) (unpublished). Thus, the court denies Murray's request for relief under Amendment 794.

After reviewing the claim presented in Murray's motions, the court finds that reasonable jurists would not find the court's treatment of Murray's claim debatable or wrong and that the claim

4

does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 49], DISMISSES Murray's section 2255 motions [D.E. 44, 45], and DENIES a certificate of appealability.

SO ORDERED. This 23 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge